IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHULTZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ABILITY INSURANCE COMPANY,<br>f/k/a MEDICO LIFE INSURANCE<br>COMPANY,<br>ABILITY RESOURCES, INC.,<br>ABILITY REINSURANCE LIMITED,<br>A BERMUDA LIMITED COMPANY,<br>ABILITY REINSURANCE HOLDING<br>LIMITED, A BERMUDA LIMITED<br>COMPANY,<br>ABILITY RESOURCES HOLDINGS,<br>INC.,<br><br>　　　　Defendants. | No. C11-1020<br><br>RULING ON MOTION FOR<br>RECONSIDERATION REGARDING<br>OVERLENGTH BRIEF |

　　　　This matter comes before the Court on the Motion for Reconsideration of Order Authorizing Overlength Brief (docket number 40) filed by the Defendants on June 27, 2012, and the "Reply" (docket number 47) filed by the Plaintiff on July 2, 2012. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

　　　　On May 30, 2012, four of the defendants filed a motion for judgment on the pleadings. On June 18, Plaintiff Phyllis Schultz filed a motion seeking permission to file an overlength brief in response to Defendants' motion. Schultz's counsel attempted to obtain consent from Defendants' counsel, but did not receive a response prior to filing the motion. Pursuant to Local Rule 7.e, the Court elected to rule on the motion to file an overlength brief without waiting for a response. The motion was granted on June 22. On

June 27, Defendants timely filed the instant motion, asking the Court to reconsider its Order authorizing the overlength brief.

A resolution of this issue requires a brief review of the pleadings. On June 21, 2011, Schultz filed a complaint against Defendant Ability Insurance Company ("AIC") claiming breach of contract, "bad faith," and fraudulent misrepresentation.[1] Schultz claimed that AIC wrongfully refuses to pay benefits owed under a long term care insurance policy purchased by her. AIC filed an answer on August 29, 2011, denying the material allegations.

On December 19, 2011, Schultz filed an amended complaint, adding four more "Ability" companies. The amended complaint clarifies the factual background and the relationship between the defendants. Schultz purchased a policy of long term care insurance from Mutual Protective Insurance. The policy was later assumed by Medico Life Insurance Company. Schultz asserts – and Defendants admit – that Ability Resources, Inc. acquired Medico Life Insurance Company in 2007, including the insurance policy issued to Schultz. The name of Medico Life Insurance Company was then changed to Ability Insurance Company.

The Defendants describe their relationship in their Local Rule 7.1 disclosure statements (docket numbers 6 and 23-26). Ability Reinsurance Holding Limited, A Bermuda Limited Company ("ARHL") wholly owns Ability Resources Holdings, Inc. ("ARHI"), which in turn wholly owns AIC. ARHI also wholly owns Ability Resources Inc. ("ARI"). According to the disclosure statements, there is no direct relationship between AIC and ARI. ARHL also wholly owns Ability Reinsurance Limited, A Bermuda

---

[1] In paragraph 3 of her initial complaint, Schultz refers to Ability Resources, Inc., Ability Reinsurance Holdings, Limited, and Ability Reinsurance Limited. Those three companies were not included in the caption and are not named elsewhere in the complaint, although Schultz routinely referred to "Defendants" in the body of her complaint. The prayer of the complaint asked for a judgment, but did not specify against whom it should be entered.

Limited Company ("ARL"), which has a contractual relationship with AIC "binding it to financial liabilities of Ability Insurance Company."

In her initial complaint, and in her amended complaint, Schultz asserts that "Defendant_s_" have "persisted with their refusal to pay benefits."[2] Schultz claims Defendants have "breached the promises made in the contract of insurance," denied the claim without a reasonable basis and without "proper and adequate investigation," and "misrepresented eligibility requirements under the policy of insurance and withheld material information that would have allowed her to rebut their claim denials."[3]

On May 30, 2012, Defendants ARI, ARL, ARHL, and ARHI (which the Court will refer to as the "Non-Contracting Defendants") filed a motion for judgment on the pleadings.[4] The movants argue that as "separate and distinct" legal entities, "[t]here is no basis to hold any of the Non-Contracting Defendants liable for the conduct alleged in the Amended Complaint."[5] The motion further asserts that the Court lacks personal jurisdiction over ARL, ARHL, and ARHI. After obtaining the Court's permission, Schultz filed an overlength brief in response. In the instant motion, Defendants ask the Court to reconsider its decision to authorize the overlength brief.

In her brief, Schultz asserts that "Ability Insurance Company is the agent and the alter-ego of the other defendants, and under Eighth Circuit law, that makes its contracts

---

[2] Complaint (docket number 1) at 4; ¶ 26 and Amended Complaint (docket number 20) at 3; ¶ 33.

[3] Amended Complaint (docket number 20) at 6.

[4] In the motion for judgment on the pleadings, Defendants state that the correct name of ARL is "Ability Reinsurance (Bermuda) Limited." Also, the correct name of ARHL is "Ability Reinsurance Holdings Limited."

[5] Motion for Judgment on the Pleadings (docket number 35) at 2; ¶ 5.

*their* contracts."[6] Schultz then launches into a lengthy description of the "gimmicks" which "Ability" uses to "clobber" policyholders. Schultz's claims of "alter-ego" or "piercing the corporate veil" are not, however, included in her amended complaint.[7]

The Non-Contracting Defendants assert that Schultz's brief goes far beyond the two issues raised in the motion for judgment on the pleadings (lack of personal jurisdiction and failure to state a claim). At the least, the Non-Contracting Defendants ask that parts III, IV, V, VI, and VII of Schultz's brief be stricken. In her "reply," Schultz asserts that the objected-to sections "detail the ways that Ability commits fraud and violates Iowa statutes to underpay elderly policyholders."[8]

The Court concludes that parts III-VII of Schultz's brief are superfluous to the issues raised by the Non-Contracting Defendants in their motion challenging Schultz's amended complaint. The Court believes the issues raised in the motion for judgment on the pleadings may be adequately addressed in a brief not to exceed 25 pages. Accordingly, the motion to reconsider will be granted and Schultz is directed to file a new brief.

### ORDER

IT IS THEREFORE ORDERED that the Motion for Reconsideration (docket number 40) filed by the Defendants is **GRANTED** as follows:

1. Schultz's response to Defendants' Motion for Judgment on the Pleadings (docket number 39) is **STRICKEN**.

---

[6] Schultz's Response to Motion for Judgment on the Pleadings (docket number 39) at 1.

[7] The Court notes parenthetically, however, that contemporaneously with the filing of her response to the motion for judgment on the pleadings, Schultz filed a motion to amend her complaint a second time. *See* docket number 37. The proposed Second Amended Complaint (docket number 37-2) adds several pages describing the "relationships between the defendants," and asserts they acted "in concert" to improperly reduce claims. Defendants resist the motion and it is pending before the Court at this time.

[8] Schultz's Reply (docket number 47) at 3.

2. Not later than **July 19, 2012**, Schultz may file a new response to the motion for judgment on the pleadings. The accompanying brief must not exceed twenty-five (25) pages, exclusive of the table of authorities.

3. The Non-Contracting Defendants' reply, if any, to Schultz's resistance to the motion for judgment on the pleadings must be filed not later than **July 26, 2012**.

DATED this 12th day of July, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA